**SO ORDERED.**

**SIGNED this 5 day of September, 2014.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                                                    CASE NO. 13-07455-8-DMW

**TERRAE AIKEYA CARMON,**
                                                                                                    CHAPTER 13
                        **DEBTOR.**

### ORDER SUSTAINING OBJECTION TO VALUATION

This matter comes on to be heard upon the Objection to Valuation filed by Allegacy Federal Credit Union ("Allegacy"). The court conducted a hearing in Raleigh, North Carolina on July 9, 2014. Travis Sasser, Esq. appeared for Terrae Aikeya Carmon ("Debtor"), and Franklin Drake, Esq. appeared on behalf of Allegacy. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on December 2, 2013.

3.      Pursuant to the Proof of Claim filed by Allegacy in this case, the Debtor is obligated to Allegacy in the amount of $21,255.27 with a pre-petition arrearage of $906.26. The Allegacy debt is secured by a 2007 Cadillac DTS ("Cadillac").

4.      The Debtor purchased the Cadillac from Dwight Adams & Son, Inc. in Clayton, North Carolina on July 12, 2011. According to the Debtor's testimony, a 2009 Dodge Ram 1500 pickup truck, primarily driven by the Debtor's husband, was used as a trade-in for the purchase of the Cadillac.

5.      The Cadillac is titled in the Debtor's name, and the Debtor is the sole obligor on the Retail Installment Sale Contract ("RISC") evidencing the obligation to Allegacy. The certificate of title for the Cadillac reflects Allegacy as the first priority lien creditor.

6.      Unless an exception applies, a secured creditor's claim is secured "to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount" of the creditor's claim. 11 U.S.C. § 506(a)(1).

7.      Pursuant to the Debtor's plan, the Debtor values the Cadillac at the reduced amount of $11,075.00 and proposes to treat the Allegacy debt as secured only to that extent. Allegacy has objected to the Debtor's valuation, claiming that the Cadillac was purchased within 910 days prior to the filing of the bankruptcy petition and was acquired for the personal use of the Debtor; therefore, the Debtor cannot reduce the secured value using 11 U.S.C. § 506 because of the "hanging paragraph" exception in 11 U.S.C. § 1325(a). The Debtor concedes that she purchased the Cadillac within the 910 days prior to filing her bankruptcy petition, but asserts that the Cadillac is not used for her personal use. The sole issue for the court to determine in this

2

matter is whether the Cadillac was acquired for the personal use of the Debtor as contemplated in § 1325(a).

  8. The "hanging paragraph" of 11 U.S.C. § 1325(a) provides as follows:

> For purposes of paragraph (5) [of § 1325(a)], section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) **acquired for the personal use of the debtor** . . . .

11 U.S.C. § 1325(a) (emphasis added).

  9. "The first step to determining the meaning of a statute is to consider the statute's plain language. '[W]hen the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'" *In re O'Blenes*, 2008 Bankr. LEXIS 3039, at *4 (Bankr. E.D.N.C. March 7, 2008) (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)). "The plain language of a statute is conclusive unless a 'literal application of the statute will produce a result demonstrably at odds with the intentions of its drafters.'" *In re Brandon*, 349 B.R. 130, 131 (Bankr. M.D.N.C. 2006) (quoting *Griffin v. Oceanic Contractors*, 458 U.S. 564, 571 (U.S. 1982)).

  10. The court in *In re Solis*, 356 B.R. 398 (Bankr. SD TX, 2006), accurately noted that 11 U.S.C. § 1325(a) "does not require that the vehicle be 'solely' or 'principally' for a debtor's personal use . . . [and] a material amount of personal use is sufficient to satisfy the test to classify the vehicle as a 910 Vehicle." 356 B.R. at 407 (citing *In re Bolze*, 2006 Bankr. LEXIS 2027 (Bankr. D. Kan. Aug. 31, 2006)).

  11. In the *O'Blenes* case, Judge Small reviewed the definition of "personal use" and its relationship with "personal, family, or household use." 2008 Bankr. LEXIS 3039, at *5. That

3

background analysis is helpful in understanding the use of only the words "personal use" in the hanging paragraph of 11 U.S.C. § 1325(a). The Bankruptcy Code has coupled "personal use" with the words "personal, family, or household use" in practically all other sections of the Bankruptcy Code which reference personal use. Those sections include 11 U.S.C. §§ 101(8), 365(d)(5), 506(a)(2), 507(a)(7) and 522. *In re Jackson*, 338 B.R. 923, 926 (Bankr. M.D. Ga. 2006). After extrapolating the term "personal use" from the more commonly used "personal, family, or household use," the court in *O'Blenes* concluded that "a vehicle that is used by someone other than the debtor is not one acquired for the 'personal use of the debtor.'" 2008 Bankr. LEXIS 3039, at *9.

12.     After arriving at the definition of "personal use," the court must examine the extent of the "personal use" of a vehicle. In *O'Blenes*, the debtor, a single parent, purchased a 2007 Volkswagen Rabbit for her 16 year old daughter. 2008 Bankr. LEXIS 3039, at *1-2. The daughter could not have obtained credit at the time, and the loan was made to the debtor to finance the vehicle. *Id.* at *2. The title was also in the debtor's name. *Id.* The daughter selected the vehicle and with the exception of a few times that the debtor drove the vehicle for oil changes, the daughter was the exclusive driver based upon the usage. *Id.*

13.     On the same day as the court entered the *O'Blenes* opinion, Judge Small made a similar ruling in *In re Pearson*, 2008 Bankr. LEXIS 743 (Bankr. E.D.N.C. March 7, 2008). In *Pearson* the debtor co-signed for the purchase of a car for her then-husband's use. 2008 Bankr. LEXIS 743, at *1. The husband had been making the payments on the car loan for about a year when he and the debtor separated. *Id.* at *2. The husband stopped making payments on the loan shortly after the separation. *Id.* The debtor took possession of the car and began making the payments. *Id.* The debtor was using the car exclusively when she filed an individual bankruptcy

4

petition a year later. *Id.* The issue in *Pearson*, which is not relevant to the present case, was when the debtor's use of a vehicle is determined. *Id.* at *4. The court in *Pearson* found that a debtor's use at the time of acquisition, and not the petition date, is dispositive, and therefore, the hanging paragraph of 11 U.S.C. § 1325(a) did not apply because at the time of acquisition the non-filing husband intended to, and did use, the car exclusively. *Id.* at *5.

14. The facts in the present case support the application of the hanging paragraph of 11 U.S.C. § 1325(a). The Cadillac is titled in the Debtor's name, and the Debtor is the sole obligor on the RISC. The Debtor elected to purchase the Cadillac in her name to take advantage of better financing resulting from her comparative creditworthiness. Those facts alone are insufficient to apply the hanging paragraph of 11 U.S.C. § 1325(a); however, other parts of the Debtor's testimony make this provision applicable.

15. The Debtor traded in a 2009 Dodge Ram 1500 pickup truck for the purchase of the Cadillac. The other vehicle used by the Debtor is a 2006 Mercedes E-350 which is very dissimilar to the pickup truck. The Debtor and her non-filing husband were adopting a child at the time the Cadillac was purchased, and they needed a vehicle with better gas mileage and a lower payment, and presumably, a vehicle better suited for transporting a child. The insurance for the Cadillac is in both the name of the Debtor and her non-filing spouse, enabling both drivers to be covered when operating the Cadillac. The Debtor and her non-filing husband have a key to the Cadillac; however, only the Debtor has a key to Mercedes. The Debtor has the opportunity to use the Cadillac at her discretion and does not need permission from her husband to operate the Cadillac. The Debtor has unfettered access to the Cadillac.

16. Allegacy argues that the Debtor reads the word "exclusive" into the wording of the hanging paragraph of 11 U.S.C. § 1325(a). Allegacy is correct. If the statute were drafted to

5

read "acquired for the **exclusive** personal use of the debtor," then the Cadillac would not qualify as a "910 Vehicle" because it is clear that both the Debtor and her husband use the Cadillac. As Allegacy argued, the statute has potential for abuse that would make the provision worthless. It would be very easy for a debtor to represent to a car dealer or a lender that the vehicle would be solely used by someone other than the debtor and, with the ink still wet, the debtor become the sole user. Of course, deviating from the conclusion reached in *Pearson* could prevent that inequity.

17. The Debtor has personal use of the Cadillac, and the Cadillac qualifies for the treatment under the hanging paragraph of 11 U.S.C. § 1325(a). Allegacy holds a fully secured claim in this Chapter 13 case; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Objection by Allegacy is sustained, and that Allegacy shall have a fully secured claim in the Debtor's Chapter 13 case.

END OF DOCUMENT